IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GERMAI R. MOLINA, | ) | 4:11CV3141 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER ON PETITION FOR** |
| FRED BRITTEN, (TSCI WARDEN), | ) | **WRIT OF HABEAS CORPUS** |
| | ) | |
| Respondent. | ) | |

The court has conducted an initial review of the Petition for Writ of Habeas Corpus (filing no. 1) to determine whether the claims made by the petitioner, Germai R. Molina ("Molina"), are, when liberally construed, potentially cognizable in federal court. Molina has raised nine claims. Condensed and summarized for clarity, Molina's claims are set forth below.

Claim One: The district court erred in permitting the State to amend the information in violation of Neb. Rev. Stat. § 29-1602.[1]

Claim Two: Molina was denied his rights to a fair trial and due process of law in violation of the Fifth, Sixth, and Fourteenth Amendments because the State made improper comments to the jury during opening and closing statements.

Claim Three: Molina was denied the right to a fair trial in violation of the Sixth Amendment because the trial court refused to allow Molina to present evidence to impeach the State's primary witness.

---

[1] Molina alleges that the trial court's error violated his rights "under the U.S. Constitution," but does not allege what federal rights were implicated or how his federal rights were violated.

| | |
|---|---|
| Claim Four: | Molina was denied the right to a fair trial in violation of the Sixth Amendment because the trial court refused to allow Molina to present evidence of his prior statements. |
| Claim Five: | The trial court prejudiced Molina when it made "improper inferences and confusions of burden." |
| Claim Six: | Molina's conviction violated the Fifth Amendment protection against double jeopardy because Molina received multiple punishments based on the death of one victim. |
| Claim Seven: | Molina received ineffective assistance of counsel in violation of the Sixth Amendment because his counsel failed to (1) move for a directed verdict at the close of the State's case; (2) allege on appeal that the evidence was insufficient; (3) allege on appeal that Molina's sentence was excessive; and (4) allege on appeal that Molina's conviction violated his Fifth Amendment protection against double jeopardy. |
| Claim Eight: | Molina was denied his "right to effective direct appeal" in violation of the Nebraska Constitution. |
| Claim Nine: | The Nebraska courts committed "unconstitutional selectiveness" when they refused to consider claims that Molina raised in his motion for post-conviction relief based on Molina's not having raised them on direct appeal. |

Liberally construed, I preliminarily determine that Claims Two, Three, Four, Six, and Seven are potentially cognizable in federal court. However, I caution Molina that no determination has been made regarding the merits of these claims or any defenses thereto or whether there are procedural bars that will prevent Molina from obtaining the relief sought.

2

Liberally construed, I preliminarily determine that Claims One, Five, Eight, and Nine are not cognizable in a federal court habeas action because they do not state a federal constitutional claim. *Lupien v. Clarke*, 403 F.3d 615, 619 (8th Cir. 2005) (reiterating that in conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States).

Molina also seeks the appointment of counsel. (Filing No. 1 at CM/ECF p. 27.) "There is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g.*, *Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (citations omitted). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted.) I have carefully reviewed the record and find that there is no need for the appointment of counsel at this time.

IT IS THEREFORE ORDERED that:

1.      Upon initial review of the Petition for Writ of Habeas Corpus (filing no. 1), Claims Two, Three, Four, Six, and Seven, as set forth in this Memorandum and Order on Petition for Writ of Habeas Corpus, are potentially cognizable in federal court.

2.      Claims One, Five, Eight, and Nine are not cognizable in a federal court habeas action and are therefore dismissed.

3.      Molina's request for appointment of counsel is denied.

4. The clerk's office is directed to mail copies of this Memorandum and Order on the Petition for Writ of Habeas Corpus and the Petition for Writ of Habeas Corpus to the respondents and the Nebraska Attorney General by regular first-class mail.

5. By **December 19, 2011**, the respondent shall file a motion for summary judgment or state court records in support of an answer. The clerk's office is directed to set a pro se case management deadline in this case using the following text: December 19, 2011: deadline for the respondent to file state court records in support of answer or motion for summary judgment.

6. If the respondent elects to file a motion for summary judgment, the following procedures shall be followed by the respondent and Molina:

> A. The motion for summary judgment shall be accompanied by a separate brief, submitted at the time of the filing of the motion.
>
> B. The motion for summary judgment shall be supported by such state court records as are necessary to support the motion. Those records shall be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."
>
> C. Copies of the motion for summary judgment, the designation, including state court records, and the respondent's brief shall be served upon Molina *except* that the respondent is only required to provide Molina with a copy of the specific pages of the record which are cited in the respondent's brief. In the event that the designation of state court records is deemed insufficient by Molina, Molina may file a motion with the court requesting

        additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

    D.    No later than 30 days following the filing of the motion for summary judgment, Molina shall file and serve a brief in opposition to the motion for summary judgment. Molina shall submit no other documents unless directed to do so by the court.

    E.    No later than 30 days after the filing of Molina's brief, the respondent shall file and serve a reply brief. In the event that the respondent elects not to file a reply brief, he or she should inform the court by filing a notice stating that he or she will not file a reply brief and that the motion is therefore fully submitted for decision.

    F.    If the motion for summary judgment is denied, the respondent shall file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents shall be filed no later than 30 days after the denial of the motion for summary judgment. **The respondent is warned that the failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including the release of the petitioner**.

7.    If the respondent elects to file an answer, the following procedures shall be followed by the respondent and Molina:

    A.    By **December 19, 2011**, the respondent shall file <u>all</u> state court records which are relevant to the cognizable claims. *See*, *e.g.*,

    Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records shall be contained in a separate filing entitled: "Designation of State Court Records In Support of Answer."

B.    No later than 30 days after the filing of the relevant state court records, the respondent shall file an answer. The answer shall be accompanied by a separate brief, submitted at the time of the filing of the answer. Both the answer and brief shall address all matters germane to the case including, but not limited to, the merits of Molina's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See*, *e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

C.    Copies of the answer, the designation, and the respondent's brief shall be served upon Molina at the time they are filed with the court *except* that the respondent is only required to provide Molina with a copy of the specific pages of the designated record which are cited in the respondent's brief. In the event that the designation of state court records is deemed insufficient by Molina, Molina may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

    D.    No later than 30 days following the filing of the respondent's brief, Molina shall file and serve a brief in response. Molina shall submit no other documents unless directed to do so by the court.

    E.    No later than 30 days after the filing of Molina's brief, the respondent shall file and serve a reply brief. In the event that the respondent elects not to file a reply brief, he or she should inform the court by filing a notice stating that he or she will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

    F.    The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **January 18, 2012**: check for the respondent to file answer and separate brief.

8.    No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

Dated November 7, 2011.

                        BY THE COURT

                        s/ Warren K. Urbom
                        United States Senior District Judge