IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GERMAI R. MOLINA, | ) | 4:11CV3141 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER ON OBJECTION TO** |
| FRED BRITTEN, | ) | **THE MEMORANDUM FOR WRIT** |
| | ) | **OF HABEAS CORPUS** |
| Respondent. | ) | |

The Petitioner Germai R. Molina's ("Molina") has filed an Objection to the Memorandum for Writ of Habeas Corpus, objecting to my November 7, 2011, Memorandum and Order on Petition for Writ of Habeas Corpus. (Filing No. 7.) I am liberally construing the objection as a Motion to Amend Petition for Writ of Habeas Corpus.

On November 7, 2011, on an initial review of Molina's Petition for Writ of Habeas Corpus I determined that some of Molina's claims were potentially cognizable in federal court. (Filing No. 6.) Molina has objected to my construction of his claims in the initial review. Specifically, Molina argues that I failed to consider his argument that his appellate counsel was ineffective for failing to argue that his trial counsel was ineffective. (Filing No. 7 at CM/ECF pp. 1-3.) I have carefully reviewed Molina's objection and agree that Claims Seven and Eight should be amended to reflect Molina's argument that his appellate counsel was ineffective for failing to argue that his trial counsel was ineffective.

For purposes of clarity, I will restate the claims that are potentially cognizable in federal court[1]:

---

[1]This list does not include Claims One, Five, and Nine because I previously determined these claims are not cognizable in a federal court habeas action. (*See* Filing No. 6 at CM/ECF p. 3.) Furthermore, Molina does not dispute my prior determination with respect to Claims One, Five, and Nine.

Claim Two: Molina was denied his rights to a fair trial and due process of law in violation of the Fifth, Sixth, and Fourteenth Amendments because the State made improper comments to the jury during opening and closing statements.

Claim Three: Molina was denied the right to a fair trial in violation of the Sixth Amendment because the trial court refused to allow Molina to present evidence to impeach the State's primary witness.

Claim Four: Molina was denied the right to a fair trial in violation of the Sixth Amendment because the trial court refused to allow Molina to present evidence of his prior statements.

Claim Six: Molina's conviction violated the Fifth Amendment protection against double jeopardy because Molina received multiple punishments based on the death of one victim.

Claim Seven: Molina received the ineffective assistance of counsel in violation of the Sixth Amendment because his trial counsel failed to move for a directed verdict at the close of the State's case.

Claim Eight: Molina received the ineffective assistance of counsel in violation of the Sixth Amendment because his appellate counsel failed to allege on direct appeal that (1) Molina's trial counsel was ineffective; (2) the evidence was insufficient; (3) Molina's sentence was excessive; and (4) Molina's conviction violated his Fifth Amendment protection against double jeopardy.

As set forth above, I have determined that Claims Two, Three, Four, Six, Seven, and Eight are potentially cognizable in federal court. However, I make no determination regarding the merits of these claims or any defenses thereto or whether there are procedural bars that will prevent Molina from obtaining the relief sought. Because the cognizable claims are nearly identical to the claims the court condensed and summarized for clarity in its November 7, 2011, memorandum and order, the parties are ordered to continue to follow the deadlines and instructions outlined therein.

IT IS THEREFORE ORDERED that:

1. Molina's Objection to the Memorandum for Writ of Habeas Corpus (filing no. 7), construed as a Motion to Amend the Petition for Habeas Corpus, is granted. I preliminarily determine that Claims Two, Three, Four, Six, Seven, and Eight are potentially cognizable in federal court.

2. The clerk of the court is directed to mail copies of this Memorandum and Order on Objection to the Memorandum for Writ of Habeas Corpus and Molina's Objection to the Memorandum for Writ of Habeas Corpus (filing no. 7) to the respondents and the Nebraska Attorney General by regular first-class mail.

3. The parties shall continue to follow the deadlines and instructions outlined in my November 7, 2011, Memorandum and Order on Petition for Writ of Habeas Corpus.

DATED November 30, 2011.

BY THE COURT:

s/ Warren K. Urbom
United States Senior District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.