IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GERMAI R. MOLINA, | ) | 4:11CV3141 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER ON PETITION FOR** |
| FRED BRITTEN, | ) | **WRIT OF HABEAS CORPUS** |
| | ) | |
| Respondent. | ) | |

This matter is before me on the Petitioner Germai R. Molina's ("Molina") Petition for Writ of Habeas Corpus. (Filing No. 1.) As set forth below, I will dismiss Molina's petition with prejudice.

## I. BACKGROUND

### A.    Molina's Conviction and Direct Appeal

On August 12, 2004, a jury in the District Court of Hall County, Nebraska, convicted Molina of second degree murder and of child abuse resulting in death. (Filing No. 10-3 at CM/ECF pp. 12-13.) Thereafter, the state district court sentenced Molina to not less than 80 years to life imprisonment on each count. (*Id.* at CM/ECF pp. 19-20.) The Nebraska Supreme Court affirmed Molina's convictions and sentences on May 5, 2006. (Filing No. 10-1 at CM/ECF p. 3.)

### B.    Molina's Post-Conviction Motion and Appeal

On June 14, 2007, Molina filed a pro se verified motion for post-conviction relief in state district court. (Filing No. 10-4 at CM/ECF pp. 1-49.) Thereafter, through counsel, Molina filed an amended verified motion for post-conviction relief. (*Id.* at CM/ECF pp. 52-53.) The state district court denied post-conviction relief on

June 2, 2009. (*Id.* at CM/ECF pp. 55-60.) The Nebraska Supreme Court affirmed the state district court's denial of relief on February 5, 2010. (Filing No. 10-2 at CM/ECF p. 2.)

### C.   Molina's Habeas Petition

Molina filed his petition in this court on August 22, 2011. (Filing No. 1.) Thereafter, the respondent filed a Motion for Summary Judgment in which he argues that Molina's petition is barred by the relevant statute of limitations. (Filing No. 11.) In response to the Motion for Summary Judgment, Molina argues that his petition is not statutorily barred and, in the alternative, that he is entitled to equitable tolling of the limitations period. (Filing No. 15.)

## II.  ANALYSIS

### A.   Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, establishes a one-year limitation period for state prisoners to file for federal habeas relief that runs from the latest of four specified dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized

>by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). However, the statute of limitations period is tolled while a state post-conviction or other collateral review is pending. *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012) (citing § 2244(d)(2)). A post-conviction application is considered "pending" until the state court "issue[s] its mandate or denie[s] review," even if a petitioner files a petition for certiorari in the Supreme Court. *Lawrence v. Florida*, 549 U.S. 327, 329 (2007) ("The application for state postconviction review is . . . not 'pending' after the state court's postconviction review is complete, and § 2244(d)(2) does not toll the one-year limitation period during the pendency of a petition for certiorari."). This case concerns only the first two subparts of § 2244(d)(1) (i.e., §§ 2244(d)(1)(A) and 2244(d)(1)(B)).

    1.    § 2244(d)(1)(A)

The first question I must answer is whether Molina filed his Petition within one year of "the date on which [his] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). The Supreme Court recently addressed the point at which a judgment becomes "final" for purposes of § 2244(d)(1)(A). In *Gonzalez v. Thaler*, the Supreme Court held that, for petitioners who pursue direct review all the way to the United States Supreme Court, a judgment becomes final "when the [Supreme Court] affirms a conviction on the merits or denies a petition for certiorari." --- U.S. ---- 132 S. Ct. 641, 653 181 L.Ed.2d 619 (2012). For all other petitioners, the judgment becomes final "when the time for pursuing direct review in [the Supreme Court], or in state court, expires." *Id.* at 653-54. If the Supreme Court has jurisdiction to review the direct appeal, "the

3

judgment becomes final ninety days after the conclusion of the prisoner's direct criminal appeals in the state system." *King*, 666 F.3d at 1135 (citing Sup.Ct. R. 13.1).

Here, Molina's conviction became final on August 3, 2006, 90 days after the Nebraska Supreme Court entered judgment against him on direct appeal. (Filing No. 10-1 at CM/ECF p. 3.) Molina filed a motion for post-conviction relief 315 days later on June 14, 2007. (Filing No. 10-4 at CM/ECF p. 1.) Thus, 315 days of the one-year limitation period expired before Molina filed a post-conviction motion. The limitation period was tolled while Molina's post-conviction action was pending, and began to run again on February 18, 2010, the day after the Nebraska Supreme Court issued its mandate affirming the state district court's denial of post-conviction relief. (Filing No. 10-2 at CM/ECF p. 2.) The limitation period continued to run until August 22, 2011, when Molina filed his Petition in this court. (Filing No. 1.) Thus, an additional 550 days passed between the conclusion of Molina's post-conviction action and the filing of his Petition in this court. Together, a total of 865 days count toward the one-year limitation period. In light of this, I find that Molina's Petition is untimely under § 2244(d)(1)(A).

### 2. § 2244(d)(1)(B)

Molina argues that his Petition is timely under § 2244(d)(1)(B). Under § 2244(d)(1)(B), the one-year limitation period is tolled until "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action."

Molina argues that his confinement in the segregation unit at Tecumseh State Prison constitutes a state-created impediment that entitles him to statutory tolling under § 2244(d)(1)(B). Specifically, in segregation, Molina is not allowed to check out legal books from the law library, is allowed only one hour of access to the law

4

library per week, and does not have access to a Spanish speaking legal aide. (Filing No. 15 at CM/ECF pp. 1-3.)

Molina's argument lacks merit. The unconstitutional state-created impediment referenced in § 2244(d)(1)(B) relates to an impediment that *prevents* the filing of an application for writ of habeas corpus in federal court. Molina alleges "he is in segregation and has been in segregation for the last four (4) years." (Filing No. 15 at CM/ECF p. 1.) Thus, the restrictions he faces in segregation did not *prevent* him from filing a petition. He was able to file the instant action despite the fact that he is still held in segregation. *See Campbell v. Milyard*, No. 09-cv-375-BNB, 2009 WL 1916273, at *4 (D.Colo. June 30, 2009) (finding the petitioner's § 2244(d)(1)(B) argument lacked merit where alleged restrictions petitioner faced due to his placement in segregation did not prevent him from filing an application for a writ of habeas corpus in federal court because he was able to file a habeas action despite the fact he was still housed in segregation). Moreover, Molina's placement in segregation is not a *state-created* impediment. As set forth by Molina himself, Molina is "in segregation for his own protection because of his criminal convictions."[1] (Filing No. 15 at CM/ECF p. 3.) For these reasons, Molina cannot avail himself of the benefit of statutory tolling under § 2244(d)(1)(B).

**B.     Equitable Tolling**

Liberally construed, Molina argues that he is entitled to equitable tolling of the limitation period because of his limited access to the law library while housed in segregation, and also because he does not have access to a Spanish speaking legal aide. (Filing No. 15 at CM/ECF pp. 3-4.) Generally, a litigant seeking equitable

---

[1] As set forth earlier in this memorandum and order, Molina was convicted of second-degree murder and child abuse resulting in death on August 12, 2004, in the District Court of Hall County, Nebraska.

5

tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006). Equitable tolling is proper "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Runyan v. Burt*, 521 F.3d 942, 945 (8th Cir. 2008) (internal quotation marks omitted). As such, "equitable tolling is an exceedingly narrow window of relief." *Id.* (internal quotation marks omitted).

Molina has not established that he pursued his rights diligently. Indeed, the record shows a complete lack of diligence on Molina's part. Importantly, Molina waited more than 10 months after his conviction became final to pursue post-conviction relief in state court. In other words, the one-year period of limitation had almost expired when Molina sought post-conviction relief. Furthermore, Molina filed his Petition in this court more than one year *after* the period of limitation had expired. Molina does not explain this significant delay or what he was doing during this period of time to pursue his rights.

In addition, Molina has not established that an extraordinary circumstance prevented him from filing his Petition sooner. Molina alleges that he has had limited access to the law library while housed in segregation. However, the record reflects that more than 10 months of the one-year limitation period had expired before Molina even entered segregation.[2] Furthermore, as a general matter, a prisoner's limited access to the law library and legal resources does not warrant equitable tolling. *See*, *e.g.*, *Earl v. Fabian*, 556 F.3d 717, 724-25 (8th Cir. 2009) ("[L]ack of access to legal resources does not typically merit equitable tolling."); *Baker v. Norris*,

---

[2] Molina entered segregation on February 2, 2008. (Filing No. 15 at CM/ECF pp. 1,7.) As set forth above, 315 days of the one-year limitation period expired before Molina filed a motion for post-conviction relief on June 14, 2007.

6

321 F.3d 769, 771 (8th Cir. 2003) (finding limited access to law library is insufficient circumstances to justify equitable tolling).

Molina also alleges the prison did not provide him with a Spanish-speaking legal aide while he was housed in segregation. As set forth above, more than 10 months of the one-year limitation period expired before Molina entered segregation. Thus, he cannot entirely blame his segregation status for his late filing. Furthermore, I note that Molina, acting pro se, has filed numerous documents in English in the state court proceedings and in these proceedings. (*See* Filing Nos. 1, 2, 7,10-4 at CM/ECF pp. 1-49, and 15.) The record does not reflect whether Molina authored these documents himself or was assisted by someone else. Either way, an examination of these documents negates any claim that language difficulties prevented Molina from filing his Petition in a timely manner. Moreover, a lack of proficiency in English generally does not "constitute extraordinary circumstances justifying equitable tolling." *Mendoza v. Minnesota*, 100 Fed. App'x 587, 588 (8th Cir. 2004) (unpublished); *see Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (holding a petitioner's alleged lack of proficiency in English is insufficient to justify equitable tolling where lack of proficiency has not prevented petitioner from accessing the courts); *see also Martinez v. Kuhlmann*, No. 99 Civ. 1094, 2000 WL 622626, at *3 (S.D.N.Y May 15, 2000) (finding no "rare," "exceptional," or "extraordinary" circumstances justifying equitable tolling where the petitioner claimed he was a non-English speaker because "to permit equitable tolling in all cases involving such problems would frustrate the statute's objectives, because many inmates could make the same claims").

For the foregoing reasons, I find that Molina has not established that he pursued his right diligently or that some extraordinary circumstance stood in the way of timely filing his petition. As such, equitable tolling does not apply and Molina's petition is barred by AEDPA's statute of limitation.

IT IS THEREFORE ORDERED that:

1. the respondent's Motion for Summary Judgment (filing no. 11) is granted;

2. Molina's "Petitioner Response and Objection to Respondents Motion for Summary Judgment" (filing no. 15) is denied;

3. Molina's Petition for Writ of Habeas Corpus (filing no. 1) is denied in all respects and this action is dismissed with prejudice; and

4. a separate judgment will be entered in accordance with this memorandum and order.

Dated June 21, 2012.

BY THE COURT

*[signature]*

Warren K. Urbom
United States Senior District Judge